UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-44-TWP-DLP-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MYRON HAMILTON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cr-00044-TWP-DLP |
| | ) |
| MYRON HAMILTON, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR COMPASIONATE RELEASE**

This matter is before the Court on Defendant Myron Hamilton's (Mr. Hamilton) Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 53.) Mr. Hamilton seeks immediate release from incarceration based on "extraordinary and compelling" reasons associated with both his risk of severe illness should he contract COVID-19, and family circumstances (the need to care for his elderly aunt and uncle) or, in the alternative, to serve the remainder of his custodial term on home confinement.[1] (Dkt. 59.) For the reasons explained below, his Motion is **denied**.

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of Bureau of Prisons and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Hamilton's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Hamilton's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

## I.  BACKGROUND

On January 31, 2020, Mr. Hamilton pled guilty to one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  (Dkts. 45, 47.)  At his sentencing hearing, he agreed to the factual stipulation in his Plea Agreement.  Mr. Hamilton's girlfriend was operating a vehicle owned by Mr. Hamilton, in which he was a passenger, when it was pulled over by law enforcement officials.  (Dkt. 36 at 7.)  After a police K9 gave an indication that there were drugs present in the vehicle, officials conducted a search. Two handguns were recovered from the center console. Both Mr. Hamilton and his girlfriend denied ownership and possession of the guns, but DNA testing revealed Mr. Hamilton's DNA on the trigger and grip of one of the guns, and on the trigger, grip and slide of the other gun. Mr. Hamilton acknowledged and did not dispute that at the time of his arrest in the instant case, he was aware of his status as a convicted felon.  *Id*.  The Court sentenced Mr. Hamilton to 27 months of imprisonment, to be followed by a 3-year term of supervised release. (Dkts. 45, 47.)  The Bureau of Prisons ("BOP") lists Mr. Hamilton's anticipated release date (with good-conduct time included) as February 8, 2022.  (Dkt. 59-2.)

Mr. Hamilton is 50 years old.  He is currently incarcerated at FCI Ashland in Ashland, Kentucky.  As of June 4, 2021, the BOP reports that no inmates and 1 staff member at FCI Ashland have active cases of COVID-19; it also reports that 301 inmates at FCI Ashland have recovered from COVID-19 and that 6 inmates at FCI Ashland have died from the virus. https://www.bop.gov/coronavirus/ (last visited June 7, 2021).  The BOP also reports that 730 inmates and 133 staff members at FCI Ashland have been fully inoculated against COVID-19.  *Id.* That is, 77% of the inmates at FCI Ashland have been fully inoculated against COVID-19.  *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of June 7, 2021, the BOP reports that FCI Ashland and the camp at Ashland have a total inmate population of 954).

On October 5, 2020, Mr. Hamilton filed a *pro se* Motion for compassionate release. (Dkt. 53.) The Court appointed counsel, (Dkt. 54), and appointed counsel filed a brief/memorandum in support of the motion, (Dkt. 59). The Government filed its Response in opposition to the Motion, asserting that Mr. Hamilton has not established that "extraordinary and compelling reasons" support a sentence reduction, nor has he met his burden to show that a reduction is warranted in light of the danger that Mr. Hamilton would pose to the community considering the sentencing factors of 18 U.S.C. § 3553(a). (Dkt. 61.) On January 27, 2021, Mr. Hamilton filed a Reply. (Dkt. 62.) Thus, the Motion is now ripe for decision.

## II.     DISCUSSION

Mr. Hamilton seeks immediate release from imprisonment based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). (Dkts. 53, 59.) Specifically, he contends that his advanced age (50 years old) and underlying medical conditions (Type 2 Diabetes, hypertension, hyperlipidemia, obesity, glaucoma, and neuropathy), make him more susceptible to severe complications from COVID-19. He contends that these circumstances, combined with the BOP's inability to control COVID-19 outbreaks in their facilities, establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

4

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c) contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with

---

[2] The Government does not argue that Mr. Hamilton failed to exhaust his administrative remedies.

this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be

"consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction;[3] (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Hamilton asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case because he has various conditions (including advanced age, Type 2 Diabetes, hypertension, hyperlipidemia, obesity, glaucoma, and neuropathy) that increase his risk of experiencing severe COVID-19 symptoms. (Dkt. 59.) The Centers for Disease Control and Prevention ("CDC") has recognized that having Type 2 Diabetes and obesity can make you more likely to get severely ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 7, 2021). The CDC also recognizes that having hypertension

---

[3] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court has considered the rationale provided by Mr. Hamilton's warden in denying Mr. Hamilton's administrative request for relief. Mr. Hamilton's warden appears not to have considered the possibility that Mr. Hamilton could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement. (*See* Dkt. 59-4.) Thus, the warden's decision provides little guidance to the Court's analysis.

can possibly make you more likely to get severely ill from COVID-19. *Id.* While it appears that Mr. Hamilton may be managing his conditions while incarcerated, the Court will assume without deciding that Mr. Hamilton's risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction.

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Hamilton's request for compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Hamilton's Motion.

Here, Mr. Hamilton suffers from several medical conditions that increase his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 7, 2021) (identifying obesity and Type 2 Diabetes, and possibly hypertension, as conditions that can make you more likely to get severely ill from COVID-19).

While FCI Ashland experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited June 7, 2021) (showing that no inmates at FCI Ashland have a current COVID-19 infection). As of June 4, 2021, more than three-quarters of the inmates at FCI Ashland have been fully inoculated against COVID-19. *See id.* (showing that as of June 4, 2021, 730 inmates at FCI Ashland have been fully inoculated against COVID-19; https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of June 7, 2021, the BOP reports that FCI Ashland and the camp at Ashland have a total inmate population of 954). That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Hamilton faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Also weighing in Mr. Hamilton's favor under the Court's § 3553(a) analysis, he has not incurred any disciplinary infractions since his incarceration began in March 2020. (Dkt. 59-3.) He represents that he is on the waiting list for several BOP education programs but has been unable to take classes because of COVID-19 lockdowns. (Dkt. 59 at 21.) Mr. Hamilton's time in prison has arguably been more difficult than is typical because his treatment for glaucoma has been affected by COVID-19. *Id.* at 20. The BOP rates him as a low risk for recidivism and gives him a low security classification. (Dkt. 59-6.) If released, Mr. Hamilton plans to live with his girlfriend and will have familial support from his aunt. (Dkt. 59 at 22, 23.) Mr. Hamilton states that he will receive benefits from social security and intends to work for a local hospital transporting patients. *Id.* at 23.

Unfortunately, there are many factors weighing against him. Mr. Hamilton pled guilty to a serious crime. He initially lied to police and stated that he had no knowledge of the guns in the car. DNA testing later revealed that was untrue because Mr. Hamilton's DNA was found on both firearms. (Dkt. 36.) Mr. Hamilton also has several serious felony convictions in his criminal history including: (1) robbery in 1991; (2) possession of cocaine or narcotic drug in 1997; and (3) dealing in cocaine or narcotic drug, possession of cocaine or narcotic drug, unlawful possession of a firearm by a serious violent felon and carrying a handgun without a license - prior conviction, in 2005. (Dkt. 40.) Despite the fact that he had previously served nine years in state prison for his 2005 conviction, Mr. Hamilton nonetheless once again possessed multiple guns only a few years later. The advisory guideline sentencing range for Mr. Hamilton was 20-37 months imprisonment. The Court took into consideration his age and medical condition in sentencing him to a below guideline variance of 27 months. Finally, Mr. Hamilton has only served a little more than 60% of his sentence and still has approximately eight months before he is set to be released.

In light of these considerations, the Court finds that releasing Mr. Hamilton early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. The Court is sympathetic to the risks Mr. Hamilton faces from COVID-19 but does not find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offenses and had only served one-third of sentence).

As a final matter, the Court rejects Mr. Hamilton's request for release based on family circumstances – so that he may assist his elderly aunt and uncle "as they endeavor to social distance

and remain close to home during this pandemic." (Dkt. 53 at 5.) Certain family circumstances qualify as "extraordinary and compelling" -- the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. § 1B1.13 (C), Application Note 1. Here, Mr. Hamilton has not established that any of these circumstance apply.

### III. CONCLUSION

For the reasons stated above, Mr. Hamilton's Motion for compassionate release, (Dkt. [53]), is **DENIED**.

**SO ORDERED.**

Date:  6/11/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Myron Hamilton, #16897-028
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 6001
Ashland, Kentucky  41105

Lawrence Darnell Hilton
UNITED STATES ATTORNEY'S OFFICE
lawrence.hilton@usdoj.gov